# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA SAVANNAH DIVISION

| | |
|---|---|
| ELECHIE TROTMON<br><br>Plaintiff,<br><br>v.<br><br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>Defendant. | Case No. 4:25-CV-118<br><br>JURY TRIAL DEMANDED |



## VERIFIED COMPLAINT

Plaintiff, Elechie Trotmon, appearing pro se, files this Verified Complaint against Defendant Equifax Information Services LLC ("Equifax") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 15 U.S.C. § 1681p, as this case arises under the FCRA.

1

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in Savannah, Georgia, within the Southern District of Georgia, and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3. Plaintiff Elechie Trotmon is an individual residing at P.O. Box 11, Savannah, GA 31402.

4. Defendant Equifax Information Services LLC is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f), with a principal place of business at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax is engaged in the business of compiling and disseminating consumer credit reports.

## FACTUAL ALLEGATIONS

5. Plaintiff is a real estate specialist with professional knowledge of the lending industry and the factors considered by mortgage lenders in evaluating refinancing applications.

6. Prior to applying for refinancing, Plaintiff reviewed her consumer credit report through myequifax.com and discovered a derogatory charge-off account attributed to Wells Fargo, Account #xxxxxxxxxxx9194 (the "Disputed Account"), reported solely on Plaintiff's Equifax credit report.

7. Plaintiff promptly disputed the accuracy of the Disputed Account with Equifax via certified mail (Tracking #7022 2410 0001 6161) pursuant to 15 U.S.C. § 1681i, asserting that the account was inaccurate and did not belong to Plaintiff.

8. On or about December 2024, Wells Fargo reported that the account was transferred to Capital One, despite Wells Fargo reporting the account to Equifax as accurate.

9. On or about January 2025, Capital One reported that the account was not found in their system.

10. In or around early 2025, due to economic challenges and dissatisfaction with the interest rate on Plaintiff's home mortgage, Plaintiff sought to refinance the mortgage to secure more favorable terms.

11. Relying on Equifax's investigation, Plaintiff proceeded with a refinancing application through Queensborough Mortgage on or about January 8, 2025.

12. Queensborough Mortgage denied Plaintiff's refinancing application, citing delinquent accounts on Plaintiff's credit report, as evidenced by the denial letter (Exhibit A).

13. Plaintiff suffered severe emotional distress, including anxiety and depression, and was discouraged from pursuing further refinancing efforts for several weeks due to Equifax's misleading response.

14. Plaintiff subsequently requested that Equifax provide its method of investigation and verification procedures for the Disputed Account, as required under 15 U.S.C. § 1681i(a).

15. On or about April 2025, Equifax responded with a generic letter, claiming the Disputed Account was not reporting on Plaintiff's report, failing to provide any substantive details about its investigation or verification process.

16. Plaintiff immediately rechecked their Equifax credit report via myequifax.com and confirmed that the Disputed Account was still being reported (Exhibit B), contrary to Equifax's prior representation.

17. As a direct result of Equifax's failure to conduct a reasonable investigation and its continued reporting of the inaccurate Disputed Account, Plaintiff was denied refinancing, incurred a higher interest rate on their existing mortgage, and suffered severe credit loss and emotional distress.

18. Equifax's actions constitute willful and/or negligent violations of the FCRA, including but not limited to 15 U.S.C. § 1681i(a) (failure to conduct a

reasonable investigation) and 15 U.S.C. § 1681e(b) (failure to maintain reasonable procedures to ensure maximum possible accuracy).

## CAUSE OF ACTION: VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (15 U.S.C. § 1681 et seq.)

19. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

20. Under 15 U.S.C. § 1681i(a)(1)(A), Equifax, as a Credit Reporting Agency, is required to conduct a reasonable investigation to determine the accuracy of disputed information in a consumer's credit file and to delete or correct any information found to be inaccurate or unverifiable.

21. Equifax failed to conduct a reasonable investigation into Plaintiff's dispute of the Disputed Account, as evidenced by its contradictory responses and the continued reporting of the inaccurate account, in violation of 15 U.S.C. § 1681i(a).

22. Under 15 U.S.C. § 1681e(b), Equifax is required to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports. Equifax's failure to remove or correct the Disputed Account demonstrates a lack of such procedures, in violation of 15 U.S.C. § 1681e(b).

23. Equifax's violations were willful, as it knowingly or recklessly disregarded its obligations under the FCRA, including its failure to provide meaningful investigation details or correct the inaccurate reporting despite Plaintiff's repeated disputes.

24. Alternatively, Equifax's violations were negligent, as it failed to exercise reasonable care in investigating Plaintiff's dispute and maintaining accurate reporting.

25. As a direct and proximate result of Equifax's violations, Plaintiff suffered actual damages, including but not limited to: a. Denial of refinancing, resulting in a higher interest rate and financial loss; b. Severe credit loss affecting Plaintiff's ability to secure favorable lending terms; c. Severe emotional distress, including anxiety and depression.

26. Plaintiff is entitled to statutory damages of $1,000 for Equifax's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

27. Plaintiff is entitled to actual damages of $35,000 for the financial and emotional harm caused by Equifax's violations pursuant to 15 U.S.C. § 1681n(a)(1)(B) or, alternatively, 15 U.S.C. § 1681o(a)(1).

28. Plaintiff is entitled to injunctive relief, including the deletion of the Disputed Account from Plaintiff's Equifax credit report, and a formal apology from Equifax.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant, Equifax;

B. Award statutory damages in the amount of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C. Award actual damages in the amount of $35,000 pursuant to 15 U.S.C. § 1681n(a)(1)(B) or 15 U.S.C. § 1681o(a)(1);

D. Order Equifax to delete the Disputed Account from Plaintiff's credit report;

E. Order Equifax to issue a formal written apology to Plaintiff;

F. Award Plaintiff's costs and such other relief as the Court deems just and proper.

## VERIFICATION

I, Elechie Trotmon, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 14th day of May, 2025.


Elechie Trotmon,

Pro Se

P.O. Box 11

Savannah, GA 31402

678-643-9071

ElechieTrotmon@gmail.com

## NOTARY ACKNOWLEDGMENT

State of Georgia ) ) ss: County of Chatham )

On this 14th day of May, 2025, before me, a Notary Public, personally appeared Elechie Trotmon, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Notary Public My Commission Expires: 1/13/2029

[Seal]

VARSHA R SAVANI
NOTARY PUBLIC
Chatham County
State of Georgia
My Comm. Expires Jan. 13, 2029

Respectfully submitted,

*[signature]*

Elechie Trotmon,

Pro Se P.O. Box 11

Savannah, GA 31402

678-643-9071

ElechieTrotmon@gmail.com